## MURDOCK v. MABEY et al.

No. 3726.   Decided January 12, 1922.   (203 Pac. 651.)

1. STATES—CONSTITUTION DOES NOT REQUIRE PAYMENT OF TRAVEL-
   ING EXPENSES TO STATE OFFICER. Const. art. 7, § 20, fixing the
   compensation of certain state officers and stating that the
   Legislature may provide for the payment of their actual ex-
   penses while traveling in the performance of official duty, did
   not make the payment of such expenses · obligatory on the
   Legislature or give the officers referred to a constitutional
   right to have such expenses paid by the state.

2. DISTRICT AND PROSECUTING ATTORNEYS—NOT ENTITLED TO TRAV-
   ELING EXPENSES EXCEPT MILEAGE. Comp. Laws 1917, § 5772,
   making district attorneys state officers, fixing their salaries
   and giving them the same mileage as district judges, which
   they shall take in lieu of all other compensation, does not
   authorize the payment of the expenses of such attorneys neces-
   sarily incurred while traveling in the performance of their
   official duties.

3. DISTRICT AND PROSECUTING ATTORNEYS—APPROPRIATION ACTS
   HELD NOT TO REPEAL ACT FIXING COMPENSATION OF DISTRICT AT-
   TORNEYS. The provision of the various appropriation acts for
   the actual and necessary traveling expenses of district attor-
   neys does not repeal the provision of Comp. Laws 1917, § 5772,
   giving such attorneys salaries and mileage in lieu of all other
   compensation, but were manifestly intended to provide for
   the payment of such mileage.

4. STATUTES—CONTEMPORANEOUS CONSTRUCTION BY EXECUTIVE OF-
   FICERS IS PERSUASIVE. The construction by the executive of-
   ficers of Comp. Laws 1917, § 5772, contemporaneously with its
   enactment and continuously since, as not authorizing payment
   of the traveling expenses of district attorneys in addition
   to their mileage, though not binding on the courts, would be
   persuasive if the language of the section was ambiguous.

5. DISTRICT AND PROSECUTING ATTORNEYS—COURT CANNOT ALLOW
   JUST TRAVELING EXPENSES NOT AUTHORIZED BY STATUTE. Even
   though a district attorney, whose district embraces five coun-
   ties so that his traveling expenses are necessarily heavy, may
   have a just claim against the state for the payment of such
   expenses, the courts can grant him no relief, where it is plain
   that the statute does not authorize the payment of such ex-
   penses.

Mandamus.   Writ denied

Original application for mandamus by O. A. Murdock against Charles R. Mabey and others, members of the State Board of Examiners.

Alternative writ VACATED, and peremptory writ DENIED.

*King & Schulder*, of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., for defendants.

GIDEON, J.

Application is made to this court for a writ of mandate against the defendants as members of the State Board of Examiners, directing said board to pass for audit a claim of plaintiff presented to such board.

It appears that plaintiff was the duly elected, qualified, and acting district attorney in and for the Fifth judicial district of this state from January 1, 1917, to January 1, 1921. That district is comprised of five counties. It was necessary for plaintiff to travel to the various county seats in the discharge of his official duties and remain away from his place of residence during such time, on one or two occasions for several weeks continuously. It is set out in the petition that plaintiff "actually paid out for meals and lodging while traveling and attending court at the various places in said district the sum of $1,109.55." A detailed and itemized statement of such expenditures is attached to the petition. It is also made to appear that the petitioner presented this statement or claim to the defendants, as the State Board of Examiners, whose duty, it is alleged, was to pass such claim for audit, and that said board refused, and still refuses, to pass the same for audit.

The defendants demurred to the petition, alleging as grounds for demurrer that the same does not state facts sufficient to constitute a cause of action against them. The facts stated in the petition being by the demurrer admitted, the

question for this court to determine is whether the facts as stated therein entitled plaintiff to any relief.

The law creating the office of district attorney was enacted by the Legislature of 1899 (Laws 1899, c. 56). The act defines the qualifications and duties of the incumbent of such office, and fixes the annual salary. Section 13 of the act, so far as material here reads as follows:

"District attorneys shall be deemed to be state officers, and their salaries and such expenses as are provided herein shall be paid by the state in the manner prescribed for the payment of judges of the district court, and they shall receive the same mileage as is provided for such judges, and their salaries shall be as hereinafter provided, which they shall take in lieu of all other compensation."

That part of the act has never been repealed or amended, and is still in force. It is now section 5772 of the Compiled Laws of the State of Utah 1917.

As will be seen, that section makes the district attorney a state officer. Section 20 of article 7 of the state Constitution provides that the

"Governor, Secretary of State * * * and such other state and district officers as may be provided for by law, shall receive for their services quarterly, a compensation as fixed by law. * * * The compensation for said officers, as prescribed in this section, and in all laws enacted pursuant to this Constitution, shall be in full for all services rendered by said officers, respectively, in any official capacity or employment during their respective terms of office. * * * The Legislature may provide for the payment of actual and necessary expenses of said officers while traveling in the state in the performance of official duty."

. Manifestly, the Constitution makers, by the last quoted sentence, did not intend to make it obligatory upon the Legislature to provide that the expenses of all such officers should be paid out of the state treasury; nor did they intend to give the officers referred to the constitutional right to have such expenses paid by the state.

It is contended on the part of the petitioner that, the statute creating the office of district attorney having made the incumbent of that office a state officer, he is entitled under the above provision of the Constitution to have his "actual and

necessary expenses  *  *  *  while traveling in the state in
the performance of official duty'' paid by the state.   From
the quotation taken from section 13 of the original act it will
be observed that district attorneys shall receive as com-
pensation for their services the salaries fixed in the
act and ''such expenses as are provided'' therein.   The
only provision in the act for the payment to district attorneys
of anything in addition to the salaries is that they shall re-
ceive the same mileage as is provided for district judges.
Apparently for the purpose of leaving no doubt as to the
intent the act further provides that such amount, together
with their salaries, shall be received by the district attorneys
''in lieu of all other compensation.''   As above stated, that
provision of the original act is still in force, and has never
been repealed or amended.   The language is clear, and it
seems to be susceptible of but one construction.   It is the
duty of this court, when the legislative intent is clear and
unambiguous, to give effect to the intent of the Legislature as
expressed by it unless in so doing some constitutional provi-
sion is violated.

It is argued that it is apparent from the language found
in the general appropriation bills of subsequent Legislatures
it was evidently the intent of such Legislatures that district
attorneys should be allowed their actual and necessary ex-
penses while traveling in the discharge of their official duty.
In the general appropriation bill passed by the Legislature
of 1901 provision is made for the salaries to be paid district
attorneys, and immediately following such provision a fur-
ther appropriation is made in the following words:

"To the several district attorneys for actual and necessary
traveling expenses for the years 1901 and 1902, or so much thereof
as may be necessary."

The same language, or language of the same intent, is
found in the general appropriation bills passed by sub-
sequent Legislatures as late as 1911.   It is needless to
say that it was not the intent of those several Legisla-
tures by the general appropriation bills to repeal section 13
of the act creating the office of district attorney.   Those ap-

propriation bills, when considered in connection with and as relating to the compensation provided for district attorneys, can mean only that it was the intention of the Legislature to provide traveling expenses as provided for in the original act in addition to the salaries.

Since its enactment, however, the act has received a continuous contemporaneous construction by the executive officers of the state. No district attorney has ever been allowed any amount for expenses incurred by him save the mileage as provided for in the act and his salary. That construction by the executive officers, of course, is not binding upon this court, but were the language of doubtful meaning it would at least be persuasive.

The judicial district in and for which petitioner was district attorney is composed of five counties, and, as set out in his petition it is expensive to travel from one county to another, which must be done in the discharge of his official duty. Therefore there would seem to be much justice in his claim. However, as the Legislature has made no provision by which such expenses can be paid out of the state treasury, but, on the contrary, has by express language provided just what compensation shall be received by the district attorneys in lieu of all other, this court cannot grant any relief.

The alternative writ heretofore issued is vacated, and a peremptory writ denied.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.